UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10839

STEWART LUSTGARTEN,
Plaintiff,

v.

BANK OF AMERICA LOAN SERVICING, LP a/k/a BAC HOME LOAN SERVICING LP,
Defendant.

OPINION AND ORDER
March 31, 2011

O'TOOLE, D.J.

The plaintiff, Stewart Lustgarten, proceeding *pro se*, has brought this action against BAC Home Loans Servicing, LP. Lustgarten appears to assert a claim of discrimination under the Fair Housing Act ("FHA") for the defendant's refusal to consider him for a second Home Equity Conversion Mortgage ("HECM") "reverse mortgage"[1] under the Department of Housing and Urban Development's "undue hardship" exception. Bank of America moves to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), a court must accept the factual assertions contained in a plaintiff's complaint as true. Nevertheless, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). A complaint which only asserts labels and conclusory statements will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, while *pro se* status

---

[1] There are two types of reverse mortgages: privately sponsored and HECM mortgages. Privately sponsored reverse mortgages usually have lower costs than HECMs, and allow for higher borrowing amounts. HECMs typically have a lower interest rate, but are the only reserve mortgages to be insured by the Federal Government.

does not exempt Lustgarten from the Federal Rules of Civil Procedure, a *pro se* litigant is afforded a liberal construction of his complaint. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

The FHA states that it is unlawful for "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Discrimination can be proven through a disparate treatment analysis using the McDonnell Douglas burden shifting framework. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002). Since it appears that Lustgarten is asserting a disparate treatment claim, he must demonstrate that: (1) he is a person with a disability; (2) he attempted to engage in a "real estate-related transaction" with Bank of America, and met all relevant qualifications for doing so; (3) Bank of America refused to engage in the transaction despite Lustgarten's qualifications; and (4) Bank of America continued to engage in that type of transaction with other parties with qualifications similar to Lustgarten. See Hickson v. Home Fed. of Atlanta, 805 F. Supp. 1567, 1572 (11th Cir. 1992).

Despite a liberal interpretation of the *pro se* complaint, Lustgarten does not provide sufficient facts to support his claim under the McDonnell Douglas standard. Although Lustgarten supplies information regarding his disability relevant to the first prong, there are no further facts illustrating discriminatory behavior. (Compl. ¶¶ 4-6 (dkt. no. 1).) Under the second prong, Lustgarten's complaint fails to show that he met the qualifications for a second HECM reverse mortgage even with the undue hardship exception of HUD Directive 4155.1, discussed in detail below. While the complaint states that Bank of America refused to process Lustgarten's

application, (see id. ¶ 28), this alone does not fulfill the third prong because Lustgarten has not sufficiently alleged that he qualifies for the HECM. Lastly, the complaint does not demonstrate that another party with similar qualifications was treated favorably by Bank of America, which is required under the fourth prong.

To qualify for an HECM mortgage, Lustgarten must prove that: (1) he is sixty-two years of age or older; (2) he holds title to the entire property; (3) he has a general credit standing of satisfactory; (4) the property is his principal residence; (5) he meets the requirements for the disclosure and verification of Social Security and Employer Identification numbers; and (6) he received the necessary counseling. 24 C.F.R. § 206.33 to .41. While Lustgarten states in his complaint that he is over the age of sixty-two as required under 24 C.F.R. § 206.33, (Compl. ¶ 5), he does not allege whether or how he meets the remaining qualifications. The complaint, at best, paints an incomplete picture as to his qualifications for the HECM and even contains several discrepancies.

For example, in order to qualify for the HECM, the home must be the mortgagor's "principal residence." 24 C.F.R. § 206.39. Principal residence is defined as "the dwelling where the mortgagor maintains his or her permanent place of abode, and typically spends the majority of the calendar year. A person may have only one principal residence at any one time." Id. § 206.3. In his complaint, Lustgarten does not say how his Massachusetts home, for which he is seeking a second reverse mortgage, qualifies as his principal residence, given that his unsold Florida residence remains, according to his own description, his "primary residence."[2] (Compl. ¶ 9.)

---

[2] It is assumed that the plaintiff meant to convey the term "principal residence" as required under the HECM, instead of the more colloquial "primary residence."

Nonetheless, while it appears that Lustgarten attempts to circumvent the principal residence requirement by citing the undue hardship exception under HECM Directive 4155.1, he fails to demonstrate that he merits the exception. The exception is permitted when "the appropriate [HUD Home Ownership Center] determines that an undue hardship exists, meaning that affordable rental housing that meets the needs of the family is not available for lease in the area or within reasonable commuting distance of work." HUD Handbook 4155.1 4.B.3.b. This requires that: (1) the secondary residence not be a vacation home or be otherwise used primarily for recreational purposes; (2) the borrower obtained the secondary residence because of seasonal, employment, employment relocation, or other circumstances not related to recreational use of the residence; (3) there must be a demonstrated lack of affordable rental housing meeting the needs of the borrower in the area or within a reasonable commuting distance of the borrower's employment; and (4) the borrower must provide supporting documentation of the lack of affordable rental housing. Id. 4155.1 4.B.3.e.

Although not explicitly stated within the complaint, it can be reasonably inferred that the plaintiff's Massachusetts home is not used for any recreational purposes because Lustgarten's move was based "on physician's advice and in need of domestic household assistance." (Compl. ¶ 8.) This satisfies the first and second requirements since the Massachusetts residence does not appear to be a vacation or recreational home, and because Lustgarten's move was motivated by health concerns, not circumstances related to recreational use.

Unfortunately, Lustgarten fails to supply information concerning the third and fourth requirements. There is nothing in the complaint alleging a lack of affordable rental housing within the area of Lustgarten's Massachusetts home. Based on the nature of the complaint,

Lustgarten fails to fulfill the third prong of the <u>McDonnell Douglas</u> standard because he was not qualified for a second reverse mortgage.

For the foregoing reasons, Lustgarten's complaint fails to state sufficient facts for a claim under the FHA. Bank of America's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (dkt. no. 20) is GRANTED, and the complaint is dismissed. The remaining motions by Lustgarten to Appoint Counsel (dkt. no. 7) and for Preliminary Injunction (dkt. no. 8) are MOOT.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge
